## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

SAMANTHA SCHREIBER,

        **Plaintiff,**

-vs-                              **Case No.  6:11-cv-736-Orl-19GJK**

SAUL HOLDINGS LIMITED
PARTNERSHIP,

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

---

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br>**(Doc. No. 19)** |
| **FILED:** | **July 25, 2011**<br>_____ |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

---

## I.    BACKGROUND.

On May 3, 2011, the Samantha Schreiber ("Schreiber") filed a complaint (the "Complaint") against Saul Holdings Limited Partnership (the "Saul Holdings") alleging several violations of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181, *et. seq.* Doc. No. 1.  On July 18, 2011, Saul Holdings filed an Answer and Affirmative Defenses (the

"Affirmative Defenses"), asserting sixteen affirmative defenses.  Doc. No. 16.  On July 25, 2011,

Schreiber filed a Motion to Strike Saul Holdings' Affirmative Defenses (the "Motion").  Doc. No.

19.  In the Motion, Schreiber requests an order striking Affirmative Defense Nos. 1-3, 6, 9-11, 13,

15-16.  Doc. No. 19 at 1-11.  On August 8, 2011, Saul Holdings filed a response (the "Response")

to the Motion.  Doc. No. 22.

## II.    ANALYSIS.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or

in partly, by asserting new allegations of excuse, justification, or other negating matters."  *Royal

Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989).  Courts have

wide discretion in passing on a motion to strike.  *See Microsoft Corp. v. Jesse's Computers &

Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).  Rule 12(f), Federal Rules of Civil Procedure

governs the sufficiency of affirmative defenses.  *Id*.  Pursuant to Fed.R.Civ.P. 12(f), the Court may

strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

*Id*.  Courts generally disfavor motions to strike.  *Ayers v. Consolidated Construction Services of

SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D.Fla.2007).[1]  A court may strike an affirmative

defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers &

Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v.

Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses

may be insufficient as a matter of law if they fail to meet the general pleading requirements of

Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.

Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp.

992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1

---

[1] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

(M.D.Fla.2006).  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(b) and (d)(1). Certain defenses are subject to the heightened standard of pleading contained in 9(b) which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Accordingly, the pleading requirements for complaints and affirmative defenses under Rules 8 and 9 are essentially the same.[2] An affirmative defense that simply contains conclusory allegations is improper.  *Microsoft*, 211 F.R.D. at 684. The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id*.

### A.  First Affirmative Defense.

Saul Holdings' First Affirmative Defense states:

> [Schreiber] fails to state a cause of action upon which relief can be granted because [Saul Holdings] has previously made all reasonable modifications required by the ADA.

Doc. No. 16 at 4.   Schreiber maintains that the First Affirmative Defense should be stricken because it merely points out a supposed defect or lack of evidence.  Doc. No. 19 at 5. Saul Holdings contends that the First Affirmative Defense should not be stricken because a failure to state a claim may be properly asserted as an affirmative defense.  Doc. No. 22 at 4.

The First Affirmative Defense is not an affirmative defense, but merely alleges a perceived defect in Schreiber's Complaint. *See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers,*

---

[2] It should be noted that under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense.  "[F]or example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *McGlothan.*, 2006 WL 1679592 at *1.

*Inc.,* 2008 WL 3927265 at \*3 (M.D. Fla. Aug. 21, 2008).   As the Court stated in *Premium Leisure*, 2008 WL 3927265 at \*3, the appropriate remedy is to treat the defense as a denial, and not to strike it. *Id.*; *see also Tanney v. Holding Co. of the Villages, Inc.*, 2010 WL 4659604 at \*1 (M.D. Fla. Nov. 9, 2010) (defendant's allegations that plaintiff was not an employee and all wages were paid simply pointed out defect in plaintiff's prima facie case and were treated as denials). Accordingly, although the First Affirmative Defense is merely a denial, it is recommended that the Court **DENY** the Motion as to the First Affirmative Defense.

### B. Second Affirmative Defense.

Saul Holdings' Second Affirmative Defense states:

> To the extent that Schreiber has timely failed to assert her claims, they are barred by the applicable statute of limitations and/or doctrine of waiver and/or laches.

Doc. No. 16 at 4.  Schreiber argues that the Second Affirmative Defense lacks enough specificity to place Schreiber on notice of the defense and is not a "cognizable legal defense." Doc. No. 19 at 5-6.  Saul Holdings maintains that the Second Affirmative Defense places Schreiber on notice of the defense and the grounds upon which it rests.  Doc. No. 22 at 5.

An affirmative defense need not be supported by detailed factual allegations, but it must at least provide fair notice of the nature of the defense and the grounds upon which it rests. *Drzik v. Haskell Co.*, 2011 WL 2981565 at \*1 (M.D. Fla. July 22, 2011) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)).  Pleading that a claim is barred by the statute of limitations is an affirmative defense and places Schreiber on fair notice of the grounds upon which it is pled. Accordingly, it is recommended that the Court **DENY** the Motion as to the Second Affirmative Defense.

## C.  Third Affirmative Defense.

Saul Holdings' Third Affirmative Defense states:

> [Schreiber's] claims are barred, in whole or in part, because at all times material herein, [Saul Holdings] has sought to remove barriers and has taken or is in the process of undertaking measures that are readily achievable to comply with the ADA requirements at the Property, and to provide access to individuals with disabilities.

Doc. No. 16 at 4.  Schreiber asserts that the Third Affirmative Defense must be stricken because merely planning to remove barrier does not render an ADA claim moot.  Doc. No. 19 at 6-7.  Saul Holdings maintains that Schreiber does not challenge the legal sufficient of the Third Affirmative Defense, but simply attacks the factual accuracy of it.  Doc. No. 22 at 5-6.

The Court finds that the Third Affirmative Defense meets the pleading requirements of Rule 8.  Accordingly, it is recommended that the Court **DENY** the Motion as to the Third Affirmative Defense.

## D.      Sixth Affirmative Defense.

Saul Holdings' Sixth Affirmative Defense states:

> The property is already partially or fully in compliance with the ADA and the ADAAG in light of what is readily achievable or technically feasible.

Doc. No. 16 at 5.  The parties assert the same arguments raised in regards to the Third Affirmative Defense.  *See* Doc. Nos. 19 at 6-7; 22 at 5-6.  The Court finds that the Sixth Affirmative Defense is merely a denial, but should not be stricken.  Accordingly, it is recommended that the Court **DENY** the Motion as to the Sixth Affirmative Defense.

**E.     Ninth Affirmative Defense.**

Saul Holdings' Ninth Affirmative Defense states:

> [Schreiber's] claims are barred, in whole or in part, because
> [Schreiber] lacks standing to bring this action as the allegations
> contained in the Complaint are insufficient to demonstrate a
> particularized allegation as to the nature of [Schreiber's] disability,
> the extent of the alleged disability, how access was denied, what
> services were denied, the areas of the Property where services were
> denied, and/or the manner in which access to services were allegedly
> denied.

Doc. No. 16 at 5.  The Court finds that, like the First Affirmative Defense, the Ninth Affirmative

Defense alleges defects in the Complaint, should be treated as a denial, and should not be stricken.

*See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.,* 2008 WL 3927265 at *3 (M.D.

Fla. Aug. 21, 2008).     Accordingly, it is recommended that Court **DENY** the Motion as to the

Ninth Affirmative Defense.

**F.     Tenth Affirmative Defense.**

Saul Holdings' Tenth Affirmative Defense states:

> [Schreiber's] claims are barred, in whole or in part, because
> [Schreiber] lacks standing to bring this action as there are
> insufficient allegations to overcome the premise that the only
> purpose in seeking access and service from the Property was for the
> purpose of pursuing litigation, and that [Schreiber], as a tester, has
> no genuine interest in returning to the Property.

Doc. No. 16 at 6.  Like the First and Ninth Affirmative Defenses, the Tenth Affirmative Defense

alleges defects in the Complaint, should be treated as a denial, and should not be stricken.

Accordingly, it is recommended that the Court **DENY** the Motion as to the Tenth Affirmative

Defense.

### G.      Eleventh Affirmative Defense.

Saul Holdings' Eleventh Affirmative Defense states:

> To the extent that [Saul Holdings] is otherwise not in custody and/or
> control of the areas in which [Schreiber] seeks modifications or
> alleges ADA violations, [Saul Holdings] is not required to make the
> requested modification and is not liable under the ADA.

Doc. No. 16 at 6.  Schreiber argues that the Eleventh Affirmative Defense is factually and legally

invalid because, under the ADA, Saul Holdings is liable for ADA violations for places of public

accommodation which it leases to others.  Doc. No. 19 at 9.  Saul Holdings maintain that

Schreiber failed to identify in the Complaint where the barriers to access are located and,

therefore, it cannot tell whether it is in control of those areas.  Doc. No. 22 at 7.  The Court finds

that the Eleventh Affirmative Defense is, at its core, a denial of the allegations in the Complaint

and should not be stricken.   Accordingly, it is recommended that the Court **DENY** the Motion as

to the Eleventh Affirmative Defense.

### H.      Thirteenth Affirmative Defense.

Saul Holdings' Thirteenth Affirmative Defense states:

> [Schreiber] filed this suit under the ADA without providing notice,
> in writing or in person, to [Saul Holdings] advising of [Schreiber's]
> allegations that the Property is not in compliance with the ADA.
> Additionally, [Schreiber] failed to provide [Saul Holdings] with the
> opportunity to remedy any alleged problems prior to filing suit.

Doc. No. 16 at 6.  In the Eleventh Circuit, "[a] person may file suit seeking relief under the ADA

without ever notifying the defendant of his intent to do so. . . . ." *Association of Disabled Ams. v.*

*Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006).  Thus, failure to provide pre-suit

notification is not a valid defense or denial to an ADA action.[3]   Accordingly, it is recommended

that the Court **GRANT** the Motion as to the Thirteenth Affirmative Defense.

>       **I.      Fifteenth Affirmative Defense.**

Saul Holdings' Fifteenth Affirmative Defense states: "Defendant has made and continues

to make a good faith effort to comply with the law pertaining to the issues in this action."   Doc.

No. 16 at 6.   The Fifteenth Affirmative Defense is not a valid defense or denial.   Accordingly, it is

recommended that the Court **GRANT** the Motion as to the Fifteenth Affirmative Defense.

>       **J.      Sixteenth Affirmative Defense.**

Saul Holdings' Sixteenth Affirmative Defense states:

> [Schreiber's] claim for attorneys' fees, costs and litigation expenses
> from [Saul Holdings] must fail because, among other things,
> [Schreiber] made no effort pre-suit to obtain voluntary compliance
> with the alleged violations of the ADA and because [Schreiber's]
> lawsuit is not the catalyst of relief that may be obtained in this
> lawsuit.

Doc. No. 16 at 7.   For the same reasons as set forth above regarding the Thirteenth Affirmative

Defense, it is recommended that the Court **GRANT** the Motion as to the Sixteenth Affirmative

Defense.

**III.  CONCLUSION.**

For the foregoing reasons, it is **RECOMMENDED** that the Court:

>       1.  **GRANT** the Motion (Doc. No. 19) as to Saul Holdings' Thirteenth,
>           Fifteenth, and Sixteenth Affirmative Defenses;
>
>       2.  Provide Saul Holdings with fourteen (14) days to file amended affirmative
>           defenses; and

---

[3] However, a Court may consider a plaintiff's failure to notify a defendant before filing suit when determining
reasonable attorneys' fees.   Id.

3.   Otherwise, **DENY** the Motion (Doc. No. 19).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on September 16, 2011.

Copies to:
Presiding District Judge
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE